**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> Vector Launch Inc. <br><br> Debtor. <br><br> Tax I.D. No: 81-1784147 | Chapter 11 <br><br> Case No. 19-12670 (JTD) |
| In re: <br><br> Garvey Spacecraft Corporation <br><br> Debtor. <br><br> Tax I.D. No: 33-0574794 | Chapter 11 <br><br> Case No. 19-12671 (JTD) |

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 1015
REQUESTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Vector Launch Inc. ("Vector") and Garvey Spacecraft Corporation ("Garvey"), the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors")[1] respectfully submit this *Debtors' Motion Pursuant to Bankruptcy Rule 1015 Requesting Joint Administration of Chapter 11 Cases* (the "Motion") seeking entry of an order pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing joint administration of their respective chapter 11 cases. In support of the Motion, the Debtors represent and set forth as follows:[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vector Launch Inc. [4147] and Garvey Spacecraft Corporation [4794]. The Debtors' address is: PO Box 14928, Long Beach, CA 90853-4928.

[2] A detailed description of the Debtors and their businesses and the facts and circumstances supporting this Motion and the Debtors' restructuring, are set forth in greater detail in the *Declaration of Shaun Martin in Support of First Day Pleadings* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

## PRELIMINARY STATEMENT

The Debtors are closely related entities, sharing common management and ownership. There is also significant overlap among the various Debtors' creditors. Joint administration will ensure that all parties receive notice of all critical events and is a more efficient and cost-effective use of the Debtors' resources. Joint administration of the Debtors' chapter 11 cases will also avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the Debtors' cases, thereby saving the Debtors' estates, and the Court, considerable time and resources.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

3. The predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

**A.    General Background**

4. On the date hereof, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. No committees have been appointed or designated.

5. This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein. Additional facts specific to this Motion are set forth below.

B.   **Specific Background**

6.   The Debtors are affiliated as defined in Bankruptcy Code section 101(2). Vector is the parent of Garvey and owns 100% of Garvey's equity interests. The organizational structure of the Debtors is as follows:



**RELIEF REQUESTED**

7.   The Debtors seek joint administration of these chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.   Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under Bankruptcy Code section 101(2). Additionally, Local Rule 1015-1 permits a court to enter an order granting joint administration of two or more cases "upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that joint administration . . . is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. Accordingly, this Court is authorized to grant the requested relief under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

9. The Debtors respectfully request that the Court modify the caption of their cases to reflect the joint administration of these chapter 11 cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>Vector Launch Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12670 (JTD)<br><br>Jointly Administered |
|---|---|

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vector Launch Inc [4147] and Garvey Spacecraft Corporation [4794]. The Debtors' address is: PO Box 14928, Long Beach, CA 90853-4928.

10. The Debtors further request that the Court order that the proposed caption satisfies the requirements of Bankruptcy Code section 342(c)(1).

11. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Vector Launch Inc. and Garvey Spacecraft Corporation. The docket in Case No. 19-12670 (JTD) should be consulted for all matters affecting this case.

**NOTICE**

12. No trustee, examiner, or creditors' committee has been appointed in the Debtors' chapter 11 cases. The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the District of Delaware, Attn: Juliet Sarkessian, Esq.; (b) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the lenders under the Debtors' pre-petition credit facilities; (d) counsel to the Debtors' proposed post-petition lender; (e) the United States Securities and Exchange

4

Commission; (f) the Office of the United States Attorney for the District of Delaware; (g) the United States Internal Revenue Service; (h) the attorneys general for Delaware, California, and Arizona; and (i) any parties entitled to notice pursuant to Local Rule 9013-1(m). In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the proposed order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in the Motion and (b) grant such other and further relief as may be just and proper.

Wilmington, Delaware
Date: December 13, 2019

SULLIVAN HAZELTINE ALLINSON LLC

/s/ E.E. Allinson III
Elihu E. Allinson, III (No. 3476)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191
Fax: (302) 428-8195
Email: zallinson@sha-llc.com

and

PILLSBURY WINTHROP SHAW PITTMAN LLP
Hugh M. Ray, III (*pro hac vice* admission pending)
Jason S. Sharp (*pro hac vice* admission pending)
William Hotze (*pro hac vice* admission pending)
2 Houston Center
909 Fannin Street, Suite 2000
Houston, Texas 77010-1028
Telephone: (713) 276-7600
Fax: (713) 276-7673
Email: hugh.ray@pillsburylaw.com
         jason.sharp@pillsburylaw.com
         william.hotze@pillsburylaw.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

## Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Vector Launch Inc.<br><br>　　　　　　Debtor.<br><br>Tax I.D. No: 81-1784147 | Chapter 11<br><br>Case No. 19-12670 (JTD) |
| In re:<br><br>Garvey Spacecraft Corporation<br><br>　　　　　　Debtor.<br><br>Tax I.D. No: 33-0574794 | Chapter 11<br><br>Case No. 19-12671 (JTD) |

**ORDER PURSUANT TO BANKRUPTCY RULE 1015
GRANTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the Motion[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of this Order pursuant to Bankruptcy Rules 1015 and Local Rule 1015-1, all as further described in the Motion; the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); venue being proper in this District pursuant to 28 U.S.C. § 1408; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; a hearing having been held to consider the relief requested in the Motion; upon the First Day Declaration,

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vector Launch Inc [4147] and Garvey Spacecraft Corporation [4794]. The Debtors' address is: PO Box 14928, Long Beach, CA 90853-4928.

the record of the hearing and all proceedings had before the Court; the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

2. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the chapter 11 cases.

3. The Clerk of Court shall maintain one file and one docket for the Debtors' chapter 11 cases, and which file and docket shall be the file and docket for the chapter 11 case of Debtor Vector Launch Inc., *et al.*, Case No. 19-12670 (JTD).

4. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Vector Launch Inc., *et al.*,[1] | Case No. 19-12670 (JTD) |
| Debtors. | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Vector Launch Inc [4147] and Garvey Spacecraft Corporation [4794]. The Debtors' address is: PO Box 14928, Long Beach, CA 90853-4928.

5. The caption satisfies the requirements of Bankruptcy Code section 342(c)(1).

6. A docket entry shall be made in each of the Debtors' cases substantially as follows:

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Vector Launch Inc. and Garvey Spacecraft Corporation. The docket in Case No. 19-12670 (JTD) should be consulted for all matters affecting this case.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Wilmington, Delaware  
Date: December __, 2019

United States Bankruptcy Judge